**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00149 |
| | CIVIL ACTION NO. 16-0961 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN DEEM | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Steven Deem's ("Deem") "Application for a Federal Writ of Habeas Corpus Under 28 U.S.C. § 2255" (Record Document 119). Deem asks the Court to vacate his conviction on the following grounds: (1) the unconstitutionality of his 1998 Texas state court conviction; (2) the unconstitutional search and seizure; (3) ineffective assistance of counsel; and (4) factual innocence. For the reasons discussed herein, Deem's Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

In mid-2011, Microsoft and YouTube discovered that child pornography had been uploaded to their systems; both companies reported this to the National Center for Missing and Exploited Children (the Center) and alerted law enforcement. See Record Document 30 at 7-9. Investigators determined the email address associated with both the Microsoft SkyDrive and the YouTube account, Steven_Deem@hotmail.com, was connected to Steven Deem of Mooringsport, Louisiana. See id. at 7, 9, 14; Record

---

[1] The majority of facts alleged by Deem in his filings are not supported by the record or Deem's attachments. Many of the facts recited in this section come from the testimony of FBI Agent Chris Plants, the lead case agent that investigated the criminal allegations against Deem, given at Deem's change of plea hearing. In his reply brief, Deem questions the veracity of Plants' testimony; however, "solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621 (1977). Additionally, at the change of plea hearing neither Deem nor his counsel disagreed with the material facts. See Record Document 30 at 17. Although questioned by Deem, he fails to introduce any evidence in the record that contradicts Plants' statements.

1

Document 39 at 3. Investigators obtained a search warrant for Deem's home and found approximately 43 images of child pornography on his desktop computer. See Record Document 30 at 9-10. The images included "[n]ude prepubescent kids 3 to 12 years old in sexual acts with adults and with kids, and then just pictures of nude kids, males, approximately 12 years old." Id. at 11.

The video uploaded to YouTube initially showed Deem sitting and talking to the camera before transitioning to images of children. See id. at 12-13. These images ranged from classical artwork depicting nude, or partially nude boys, to young boys in swim trunks and underwear to naked young boys with exposed genitalia. See id. at 13. Approximately three or four of the images in the video were pornographic; the boys were approximately 12 years of age, and they were posed with their penises exposed. See id. These images were among the 43 found on Deem's computer. See id. at 14.

Deem admitted to investigators that he possessed the images and created the YouTube video. See id. at 9-10, 14-15. He also admitted his email address was linked to the SkyDrive and YouTube accounts. See id. at 14. He told investigators he found the pornographic images on the internet by searching for "nude children" or "nude boys." See id. Deem said he liked to look at nude photos of boys and masturbate. See id.

Deem was charged by the federal grand jury for the Western District of Louisiana with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). See Record Document 1. He pled guilty to Count 1. See Record Document 25. Shortly thereafter, Deem filed a *pro se* motion to withdraw his guilty plea and to represent himself but both were denied. See Record Document 28. He was sentenced to a 240-month term

of imprisonment. See Record Documents 35 and 38. On appeal, Deem only challenged the district court's denial of his motion to represent himself to which the Government conceded error. See United States v. Deem ("Deem I"), 582 Fed.Appx. 553 (5th Cir. 2014). The Fifth Circuit affirmed Deem's conviction, but remanded to allow Deem to represent himself at sentencing. See id. at 554.

On remand, Deem filed another motion to withdraw his guilty plea. See Record Document 46. In this motion Deem asserted, among other things, that he was factually innocent and had received ineffective assistance of counsel. See id. The motion was denied. See Record Document 77. Deem also filed a motion to suppress but it was denied because the case was remanded "for the limited purpose of allowing the defendant a chance to represent himself on resentencing." See Record Documents 51 and 58. Deem was again sentenced to a 240-month term of imprisonment. See Record Document 78.

On appeal, Deem challenged the validity of the search warrant, the denial of his motions to withdraw guilty plea, and the voluntariness of his plea. See United States v. Deem ("Deem II"), 623 Fed.Appx. 206, 207 (5th Cir. 2015). Because each of these issues went "to the validity of Deem's guilty plea and conviction … [which] was affirmed in [Deem I], the validity of his plea and conviction was not subject to reexamination by the district court on remand; nor [would the Fifth Circuit] examine it in this subsequent appeal." Id. at 207 (citation omitted). Deem also challenged the constitutionality of his prior Texas state conviction for aggravated sexual assault of a child. See id. The Fifth Circuit rejected that challenge because it "will not entertain collateral attacks on prior state convictions made during federal sentencing proceedings when, as here, the defendant does not allege that the prior conviction was uncounseled." Id. (citation and internal quotation

3

marks omitted). The Court declined to consider Deem's "numerous and varied allegations that he received ineffective assistance of counsel … without prejudice to whatever right [he] has to assert them on collateral review." Deem II, 623 Fed.Appx. at 208 (citations omitted).

A petition for a writ of certiorari was denied May 23, 2016. See Record Document 118. On June 27, 2016, Deem filed the instant Motion accompanied by a memorandum in support. See Record Documents 119 and 119-1. It is timely as it was filed within one year of the Supreme Court's denial. See Clay v. United States, 537 U.S. 522, 527 (2003); 28 U.S.C. § 2255(f)(1). The Government responded on July 22, 2016, to which Deem replied. See Record Documents 125 and 126.

**LAW AND ANALYSIS**

**I.    LEGAL STANDARDS**

**A. Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164,

102 S.Ct. 1584 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second Section 2255 motion). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

## II. ANALYSIS

### A. Deem's 1998 Texas Conviction

Deem argues the 1998 Texas state conviction for aggravated sexual assault of a child was unconstitutional because of (1) ineffective assistance of counsel, (2) a "hybrid" indictment, and (3) invalid statute definitions. See Record Document 119 at 9. Deem claims he can challenge his prior state conviction because it was used to enhance his federal sentence. See Record Document 119-1 at 12. While that conviction did raise Deem's sentencing range to 15 to 40 years, Deem cannot challenge it in a Section 2255 proceeding.

In Custis v. United States, 511 U.S. 485, 496-97, 114 S.Ct. 1732, 1739-40 (1994), the Supreme Court held that in a federal sentencing proceeding, a defendant cannot challenge a facially valid prior conviction used to enhance his current federal sentence, except on the ground that the prior conviction was obtained in violation of his right to counsel. The Supreme Court extended Custis to Section 2255 proceedings in Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583 (2001) ("The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255"). Since Deem does not claim any violations of his right to counsel regarding his 1988 Texas state conviction, he cannot challenge this facially valid conviction in this Section 2255 proceeding.

### B. 4th Amendment Claim

Deem challenges the validity of the search warrant used to search his home and computers because the body of the warrant identified the target as "Stephen Linzay." See

6

Record Document 119-1 at 8-11. However, the Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482 (1976). The Fifth Circuit extended the holding in Stone to federal prisoners' Section 2255 motions. See United States v. Ishmael, 343 F.3d 741, 742 (5th Cir. 2003).

In his reply, Deem seems to suggest he did not have the opportunity to litigate this matter because he was appointed counsel, and thus could not submit his motion to suppress *pro se*. See Record Document 126 at 12. However, the Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002), quoting Caver v. Alabama, 577 F.2d 1188, 1192-93 (5th Cir.1978) (stating that the Stone bar applies "whether or not the defendant avails himself of th[e] opportunity"). Deem's counsel had the opportunity to file a motion before he pled guilty but did not. Likewise, Deem had the opportunity to raise and litigate this issue on direct appeal (Deem appealed *pro se*) but failed to do so. The fact that Deem, or his counsel, failed to take advantage of this opportunity does not render the Stone bar inapplicable to this claim. Thus, Deem's Fourth Amendment claim is not cognizable.

### C. Ineffective Assistance of Counsel

Deem argues Assistant Federal Defender Betty Marak ("Marak") rendered ineffective assistance of counsel for her actions and/or inactions in: (1) failing to file a motion to suppress the evidence obtained from an invalid search warrant; (2) allowing

7

him to plead guilty when he did not fully understand the plea agreement and was incompetent at the change of plea hearing; (3) disagreeing with him over whether the images constituted child pornography; (4) refusing to file a motion to withdraw guilty plea; and (5) failing to raise certain issues on appeal. See Record Document 119-1 at 8-9, 22-25. The Government asserts Deem's claims must fail because he cannot show how Marak's actions were objectively unreasonable and how her alleged errors resulted in prejudice. See Record Document 125 at 8-18.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693-94 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.[2] See Strickland v. Washington,

---

[2] Deem claims his ineffective assistance of counsel claims are successful because "the government presented no evidence that proved that Marak was effective in her assistance." Record Document 126 at

8

466 U.S. 668, 687, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415. To show that an attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the claimant must demonstrate that counsel's error led to some increase in the length of imprisonment. See Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001).

---

19. However, "[i]n a habeas or Section 2255 proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof." United States v. Brown, 2015 WL 4981399, *2 (W.D. La. 2015), citing United States v. Chavez, 193 F.3d 375, 378 (5th Cir.1999). Therefore, Deem's argument is without merit.

### i.  Failure to File Motion to Suppress

While Deem's Fourth Amendment claim is precluded, he can raise it "in the context of a Sixth Amendment ineffective assistance claim." United States v. Thompson, 44 F.3d 1004, 1995 WL 10514, *4 (5th Cir. 1995), citing Kimmelman v. Morrison, 477 U.S. 365, 382-83, 106 S.Ct. 2574, 2587 (1986). Ineffective assistance based on failure to file a motion to suppress depends on whether the motion would have been granted if made. See United States v. Oakley, 827 F.2d 1023, 1025 (5th Cir. 1987). In this circuit, courts use a two-step inquiry to evaluate a motion to suppress evidence seized pursuant to a search warrant. See United States v. Allen, 625 F.3d 830, 835 (5th Cir. 2010). The court first considers whether the seizure falls within the good faith exception to the exclusionary rule. See id. This step relates "to the objectively ascertainable question [of] whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." United States v. Leon, 468 U.S. 897, 922 n. 23 (1984). When the good faith exception does not apply, the court must consider whether the magistrate issuing the warrant had a substantial basis for believing there was probable cause for the search. See Allen, 625 F.3d at 835

Deem does not criticize the affidavit or question the existence of probable cause. Instead, he attacks the warrant itself. See Record Document 119-1 at 7-11. This warrant clearly set out the place to be searched and delineated the items to be seized. See Record Document 119-2 at 11-12. But there was an error in one of those items. Paragraph 2(a) reads:

> Any and all electronic devices that are capable of analyzing, creating, displaying, converting, or transmitting electronic or magnetic computer impulses or data that are used by, owned by or accessed by Stephen Linzay.  These devices include, but are  not limited to, computers (including

> self-contained "laptop" or "notebook" computers), computer components, computer peripherals, word processing equipment, modems, monitors, printers, keyboards, acoustic couplers, cables, plotters, encryption circuit boards, optical scanners, external hard drives, or other computer-related electronic or physical devices that serve to transmit or receive information to or from a computer.

Id. at 11 (emphasis added). Deem argues this mistake invalidated the warrant which could have been quashed. See Record Document 119-1 at 8.

In Allen, the Fifth Circuit found the good faith exception applied to a warrant that lacked a particularization of the items to be seized. The itemization was found in the accompanying affidavit, but it was not incorporated, even by reference, into the warrant. The Court found the agents acted in objective good faith reliance on the warrant, at least in part, because, as here, the issuing magistrate signed the affidavit which contained the list of items to be seized. See Allen, 625 F.3d at 837, 839.

Although the warrant itself misidentified Deem, the affidavit explained that the target of the investigation was Deem and, using language identical to that quoted above save for the fact that "Stephen Linzay" is replaced with "any person at the aforementioned residence," identified the items to be seized. See Record Document 119-2 at 8. This affidavit was attached to the warrant and signed by Judge (now Justice) Scott Crichton. See id. If the Fifth Circuit found a warrant which totally lacked an itemization of the items to be seized was executed in good faith, then surely the Court can find the officers here acted in objective good faith. Accordingly, any motion to suppress would have been denied because the good faith exception applied. See Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim").

####        ii.        Failure to Seek Deem's Pretrial Release

Deem contends counsel was ineffective for "never filing for a release from detention" when his bond was excessively and unconstitutionally high. See Record Document 119-1 at 22. Deem's claim is unsuccessful for two reasons. First, a claim for excessive bail is not cognizable in a Section 2255 proceeding. See Traber v. United States, 466 F.2d 483, 485 (5th Cir. 1972). Second, Deem cannot prove how his counsel's inaction fell below an objective standard of reasonableness.

Deem was initially arrested on state charges and was booked into the Caddo Correctional Center. Therefore, the excessive bond he complains of was imposed by the state court. Because of his state custody status, once he was brought into federal custody by writ he "waived his right to a detention hearing at this time, reserving his right to request a hearing on bond if his circumstances change." See Record Document 15 at 2. The Government contends this is the normal position taken by most defense counsel in this District when a release from federal custody would simply return a defendant to state custody. See Record Document 125 at 13. Deem failed to address this issue in his reply and thus cannot show defense counsel's failure to file for a release from detention fell below an objective standard of reasonableness.

####        iii.        Conduct During the Guilty Plea

Deem alleges Marak was ineffective at his guilty plea because she was present, "but might as well not [have been]." Record Document 119-1 at 23. He argues Marak allowed him to plead guilty when he did not fully understand the "Sentencing" section of the plea agreement, stating "it could very easily be misconstrued to mean any number of possible sentences," and a "simple text reading would confuse an average person."

Record Document 119-1 at 22. Deem also claims he was incompetent because he had not been given his medication, primarily Prozac, prior to the hearing. See Record Document 126 at 14. The Government argues Deem's testimony during his hearing contradict his allegations and demonstrates he knowingly and intelligently entered a plea of guilty. See Record Document 125 at 13-16.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74. Additionally, any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994). In this case, Deem was sworn at the beginning of the Rule 11 hearing. See Record Document 30 at 1. He said he understood that he was required to tell the truth and that failing to do so could result in additional charges. See id. at 3. He also said he was "clearheaded" and understood the questions the Court was asking him. See id. at 19. Deem agreed that he signed the plea agreement, had "go[ne] over it line by line with [Marak] before [he] signed it," understood it, and had no questions about it. See id. at 26. Further, the plea agreement which Deem signed stated "I fully understand the plea agreement." See Record Document 27.

At his plea hearing, Deem acknowledged he had read the indictment and had "ample opportunity to discuss [his] case with [his] attorney …" See Record Document 30 at 3-4. Later in the proceeding, he reaffirmed that he had ample opportunity to discuss his case with counsel. See id. at 20. Deem said he was "satisfied with Ms. Marak's representation of [his] interests as [his] attorney …" Id. He also acknowledged that he discussed his decision to plead guilty with counsel and "she concur[red] with [his] decision to enter a guilty plea to Count 1 …" See id. at 25. Further, the Court pointed out the

"Sentencing" section of the plea agreement and Deem acknowledged that he saw the section. See id. at 27. The Court cautioned Deem that if the sentence imposed was more severe than he had anticipated, he was still bound by his guilty plea, which Deem accepted. See id. at 35. Deem has not presented any evidence to refute his statements and cannot overcome their "strong presumption of verity."

### iv. Conduct After the Guilty Plea

Deem also claims Marak rendered ineffective assistance of counsel because of her unwillingness, post guilty plea, to agree with his assertion that his video was not child pornography. See Record Document 119-1 at 23-24. Deem's claim fails because he cannot show how Marak's disagreement fell below an objective standard of reasonableness, thus he cannot satisfy the first requirement under Strickland.

Deem believes "[j]ust a nude picture … is not pornography" and "there has to be some kind of sexual act in order for it to be pornography…." Record Document 42 at 9. However, "sexually explicit conduct" includes "a lascivious exhibition of the genitals or pubic area." United States v. Grimes, 244 F.3d 375, 380 (5th Cir. 2001), citing 18 U.S.C. § 2256(2)(v)(B)(iii). After reviewing the video, the Court ruled, "[o]bjectively, the law does in fact classify those postings by you on the internet as child pornography." Record Document 42 at 5. Marak agreed with the Court and advised Deem that she thought "a jury would convict [him of] distributing images of child pornography on the basis of that YouTube video that [he] posted on the internet." Id. at 5. Marak's disagreement with Deem's incorrect interpretation of the law cannot be held unreasonable and thus his claim must fail.

### v.      Refusal to File Motion to Withdraw Guilty Plea

Deem also accuses Marak of rendering ineffective assistance of counsel for failing to file a motion to withdraw his guilty plea on his behalf. See Record Document 119-1 at 23-24. Again, Deem's claim is unsuccessful because he cannot show how Marak's action and/or inaction fell below an objective standard of reasonableness.

In evaluating a motion to withdraw a guilty plea, the Fifth Circuit stated the following factors should be considered:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

United States v. Carr, 740 F.2d 339, 343–44 (5th Cir. 1984).

In light of the showing that must be made in order to withdraw the plea, and given Marak's recognition that the images were child pornography (discussed above), the Court cannot find Marak's inaction objectively unreasonable. "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." Smith, 907 F.2d at 585 n. 6; see also Wood v. Quarterman, 503 F.3d 408, 413 (5th Cir. 2007) ("This court has held, however, that failure to raise meritless objections is not ineffective lawyering; it is the very opposite"). Even if Deem was somehow successful in showing Marak's inaction fell below the reasonableness standard, he cannot show how he was prejudiced – the Court subsequently denied Deem's *pro se* motion to withdraw guilty plea after its analysis of the Carr factors. See Record Document 42 at 50-54.

### vi. Failure to Raise Issues on Appeal

Deem faults Marak for not raising the following issues on appeal: (1) he was not mentally stable at the time he plead guilty; (2) sexual discrimination by the Court; (3) the interpretation of 18 U.S.C. § 2252(a)(2); (4) mistake of law; (5) actual innocence; and (6) the constitutionality of the search. See Record Document 119-2 at 84-93. Instead, Marak argued Deem's right to self-representation. See Record Document 56. To prevail on a claim that appellate counsel was ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation. See Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001). However, appellate counsel are not required to assert every non-frivolous issue to be found effective. See Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989). Appellate counsel even has the discretion to exclude non-frivolous issues if they reasonably determine that the issue was unlikely to prevail. See Anderson v. Quarterman, 204 Fed.Appx. 402, 410 (5th Cir. 2006).

Although Deem specifies what arguments he wished Marak would have raised on appeal, he fails to address the probability of his success on any issue – he merely concludes "no other issues were presented … that would [a]ffect the guilt/innocence aspect of the crime." Record Document 119-1 at 25. Such conclusory allegations are not sufficient to prove Deem did not receive effective assistance of counsel on appeal. See Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1989). Marak was reasonable in excluding non-frivolous issues and including the argument which actually prevailed -- Deem's right to self-representation. See Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir.

16

1989) ("Here it appears that appellate counsel chose to concentrate on the six strongest points of error on appeal; that is a reasonable tactic"). Since Deem has failed to direct the Court's attention to any issues that Marak failed to raise upon which he was likely to prevail on appeal, his claim is without merit.

### D. Actual Innocence

Finally, Deem argues "actual innocence" in that the YouTube video did not contain any child pornography. See Record Document 119 at 6. However, "[a]ctual innocence is not a free-standing ground for relief." U.S. v. Scruggs, 691 F.3d 660, 671 (5th Cir. 2012). As explained by the Fifth Circuit, "it is a gateway to consideration of claims of constitutional error that otherwise would be barred from review." Id. Like the Scruggs court, this Court need not decide whether Deem is actually innocent because all of his constitutional claims fail on the merits. "In other words, [this Court finds] no ground for relief on the other side of the gate." Id. To the extent Deem claims he is innocent of the Texas state conviction, as discussed above, he cannot attack his prior conviction in this Section 2255 proceeding.

### CONCLUSION

Deem cannot challenge a facially valid prior conviction used to enhance his current federal sentence, except on the ground that the prior conviction was obtained in violation of his right to counsel, in a Section 2255 proceeding. Nor is federal habeas corpus relief available for Deem's 4th Amendment claim since he was provided an "opportunity for full and fair litigation" of said claim before he pled guilty, but failed to raise it. Deem's numerous claims of ineffective assistance of counsel are unsuccessful because he cannot satisfy both prongs of the Strickland standard. Finally, Deem is barred from

bringing his actual innocence claim because all of his constitutional claims fail on the merits. Accordingly, Deem's "Application for a Federal Writ of Habeas Corpus Under 28 U.S.C. § 2255" (Record Document 119) is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of April, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT