**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00149 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN DEEM | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Steven Deem's ("Deem") Motion for Compassionate Release. See Record Document 178; see also Record Document 181 (request for ruling) and Record Document 182 (letter of support). The Government has opposed Deem's motion. See Record Document 180. For the reasons set forth below, Deem's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On May 22, 2013, Deem was charged in a two count Indictment with distribution and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). See Record Document 1. He entered a plea of guilty to distribution of child pornography on October 10, 2013. See Record Documents 25 & 27. On January 20, 2015, he was sentenced to 240 months imprisonment and supervised release for life. See Record Documents 77 & 78. According to the Presentence Report, the underlying investigation revealed Deem had uploaded a video entitled "Tell Me Why" to YouTube. See Record Document 39 at ¶ 5. In the video, Deem provided a monologue discussing his views about children and sex. See id. The video also included images of nude and semi nude boys. See id. At least three images were of child pornography. See id. At least one of the images reflected a male twelve years of age or younger. See id.

Deem is currently incarcerated at FCI Oakdale I. His projected release date is November 16, 2029.

## LAW AND ANALYSIS

Deem identifies several "primary CDC [Centers for Disease Control] risk traits" as the basis for his request for compassionate release. Record Document 178 at 4. Deem's medical conditions falling within the CDC's risk traits include heart failure, myocardial infarction, COPD [Chronic Obstructive Pulmonary Disease], chronic kidney disease, asthma, hypertension, and mood and mental disorders. See id. He also questions the ability to receive adequate medical care while incarcerated, mainly focusing on the care he requires for lasting effects of a previous COVID-19 infection. See id. at 4-5.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Deem moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  Deem has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Deem's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP.  See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609,

at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If

an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, the Government concedes Deem has at least two of the conditions recognized by the CDC as a COVID-19 risk factor, thus constituting an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A). Notwithstanding, granting compassionate release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Deem's offense and his history and characteristics disfavor release. In 1997, Deem was convicted of aggravated sexual assault in Texas. See Record Document 39 at ¶ 27. The indictment noted that Deem intentionally and knowingly caused the sexual organ of a child younger than fourteen to contact his mouth. See id. at ¶ 29. He was sentenced to probation. See id. at ¶ 27. In less than a year after being sentenced to probation, the court revoked his probation because he had contact with two of the victim's relatives in violation of a special condition of probation. See id. at ¶¶ 27, 30. This previous conviction and the instant conviction for distribution of child pornography show Deem's sexual disposition for children. These factors weigh heavily against release. Additionally, the seriousness of Deem's offense is evidenced by the mandatory minimum sentence of 15 years. An early release at this juncture simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to

criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Deem's Motion for Compassionate Release (Record Document 178) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of August, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT