UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00149 |
| | [CIVIL ACTION NO. 16-0961] |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN DEEM | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Considering motion for "Relief from a Judgment or Order" (Record Document 203) filed by Petitioner Steven Deem ("Deem"),

While Deem's motion is styled as a motion for relief under Federal Rule of Civil Procedure 60(b)(2), it fails to identify which judgment or order Deem is seeking relief from. The most recent applicable order by this Court was an order denying Deem's Motion for Compassionate Release on August 3, 2021. See Record Document 188. However, that order is presently pending appeal and the present Rule 60(b) motion does not address any argument related to compassionate release. Instead, the instant motion makes an additional argument regarding the applicability of Deem's prior 1998 conviction under Texas state law for aggravated sexual assault of a child as a predicate offense for an enhanced statutory sentencing range under 18 U.S.C. § 2252A(b)(1). Since Deem previously attacked the constitutionality of his prior Texas conviction within a motion to vacate pursuant to 28 U.S.C. § 2255, see Record Document 119 at 9, and this Court ultimately denied that motion, see Record Document 163, the present motion is construed as seeking relief from that judgment.[1]

---

[1] To the extent Deem may have been intending to use the present Rule 60(b) motion to directly attack his judgment of conviction and sentence in 2014, the subsequent analysis would be largely identical. In any

As in any proceeding, the Court's mandatory task before issuing a ruling is to ensure that it possesses the jurisdiction to so rule. When a petitioner seeks to obtain relief from a judgment denying a § 2255 motion via a Rule 60(b) motion, the first task is to determine whether the motion is properly brought under Rule 60(b), or whether it is a disguised attempt to file an unauthorized second or successive § 2255 motion. A district court does not have jurisdiction to entertain a second or successive § 2255 motion unless it has been previously authorized by the appropriate circuit court of appeals. See 28 U.S.C. § 2255(h). If a Rule 60(b) motion "presents a new habeas *claim*" or "attacks the federal court's previous resolution of a claim *on the merits*," then the motion should be classified as a second or successive § 2255 motion and treated accordingly. In re Robinson, 917 F.3d 856, 862 (5th Cir. 2019) (emphasis in original) (quoting In re Edwards, 865 F.3d 197, 203 (5th Cir. 2017)). In the instant motion, Deem presents only a wholly new claim that seeks to attack the application of a statutory minimum and maximum sentence to him, and makes no mention of any procedural error in the Court's previous disposition of his first § 2255 motion. See Record Document 203. The instant motion must therefore be construed as a successive § 2255 motion, rather than the Rule 60(b) motion it purports to be.

Since the instant motion is a successive § 2255 motion without attendant authorization by the Court of Appeals for the Fifth Circuit, this Court lacks jurisdiction to address it, and will therefore dismiss the motion without prejudice. The Court notes that an option also exists to transfer the motion to the Fifth Circuit under 28 U.S.C. § 1631, instead, for the necessary authorization to be granted. However, the Court finds that it is

---

case, such a motion would be untimely by many years, assuming a motion under a rule of *civil* procedure is still applicable in a *criminal* proceeding. See Fed. R. Civ. P. 60(c)(1).

not in the interest of justice to order such a transfer, for the following litany of reasons: Deem's novel interpretation of Texas aggravated sexual assault of a child as being a non-sex offense is neither "newly discovered evidence" nor "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Deem's current § 2255 motion appears to be untimely by several years, with no justification for why it might otherwise be timely under the provisions of 28 U.S.C. § 2255(f). Deem's assertion that Texas Penal Code § 22.021 (Aggravated Sexual Assault) is an "assaultive" offense and thus not a sex offense based merely on its location within the Texas Penal Code, see Record Document 203 at 1, is completely without merit. Finally, Deem's attempt to narrow the meaning of "aggravated sexual abuse" in 18 U.S.C. § 2252A(b)(1) by cross-reference to the federal offense of aggravated sexual abuse in 18 U.S.C. § 2241, see Record Document 203 at 2, is foreclosed by Fifth Circuit precedent. See United States v. Hubbard, 480 F.3d 341, 348–49 (5th Cir. 2007). Therefore,

**IT IS ORDERED** that Petitioner's Motion for "Relief from a Judgment or Order" (Record Document 203) is hereby **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, as an unauthorized successive motion under 28 U.S.C. § 2255.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of April, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT