UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00149 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN DEEM | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Petitioner Steven Deem's ("Deem") second Motion for Compassionate Release. See Record Document 212. Deem also requested appointment of counsel and has filed letters of support, a reply, and supplemental exhibits. See Record Documents 214, 219, 221, 223, 230, 231, and 232. The Government opposed the motion on the ground that Deem did not exhaust his administrative remedies within the Bureau of Prisons ("BOP"). See Record Document 220. For the reasons set forth below, Deem's Motion for Compassionate Release is **DEFERRED**.

Deem pled guilty to distribution of child pornography on October 10, 2013. See Record Documents 25 & 27. On January 20, 2015, he was sentenced to 240 months imprisonment and supervised release for life. See Record Documents 77 & 78. According to the Presentence Report, the underlying investigation revealed Deem had uploaded a video entitled "Tell Me Why" to YouTube. See Record Document 39 at ¶ 5. In the video, Deem provided a monologue discussing his views about children and sex. See id. The video also included images of nude and semi nude boys. See id. At least three images were of child pornography. See id. At least one of the images reflected a male twelve years of age or younger. See id.

Deem's first Motion for Compassionate Release was denied on August 3, 2021. See Record Documents 187 and 188. He is currently incarcerated Fort Worth FMC. Deem's projected release date is November 16, 2029.

**Appointment of Counsel**

Deem has requested appointed counsel in connection with his second Motion for Compassionate Release. See Record Documents 212 and 214. There is no constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987). In relation to motions filed under 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like Deem's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." United States v. Joseph, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citing United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." United States v. Mogan, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. See Joseph, 2020 WL 3128845, at *2. Here, the interests of justice do not require that the Court appoint counsel for Deem. The motion is not complex, and Deem demonstrated that he is fully capable of representing himself on the matter *pro se*. Deem's request for appointment of counsel is **DENIED**.

**Compassionate Release**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Deem moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

>   (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  There is a dispute in this case whether Deem has exhausted his administrative remedies.

The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule.  See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory.").  The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.  The Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3.  Moreover, petitioners such as Deem bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions.  See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

Deem filed the instant motion on June 15, 2022.  See Record Document 212. While he asserts exhaustion, he did not submit proof of such exhaustion.  Instead, he stated that a request for administrative relief was filed on or about May 14, 2022.  See Record Document 212-1 at 16.  At the time of its response in July 2022, the Government was also unable to locate records of Deem's claim for administrative relief.  See Record

Document 220 at 9.  However, on September 1, 2022, Deem submitted evidence of administrative exhaustion, namely his Request for Administrative Remedy seeking compassionate release (signed on August 17, 2022 and received by the BOP on August 25, 2022).  See Record Document 232 at 4.  The August 2022 dates do, in fact, post-date Deem's initial filing in June 2022.  However, this Court finds it most efficient to hold that thirty days have lapsed since Deem's August 2022 request for compassionate release to the Warden; thus, Deem has exhausted his administrative remedies within the BOP.  The Court believes it has authority over Deem's motion.  See U.S. v. Graham, No. 12-184-01, 2020 WL 3053106 (W.D. La. June 8, 2020) ("Thus, Graham satisfied the requirements of §3582(c)(1)(A) by waiting thirty days after filing his request with the warden and the Court will address the merits of his motion.").  The Government is hereby directed to file a response no later than **May 8, 2023** addressing whether Deem has presented "extraordinary and compelling reasons" under Section 3582(c)(1)(A) and whether Deem's release would comport with the Section 3553(a) factors.

Based on the foregoing reasons, Deem's Motion for Compassionate Release (Record Document 212) is **DEFERRED** until the Court receives supplemental briefing from the Government.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of April, 2023.

_____
United States District Judge